## Staunton.

### WILSON'S ADMR. V. WILSON & OTHERS.

#### SEPTEMBER 17, 1896.

1. CHANCERY PLEADING—*Supplemental Bill—Purpose of—Waiver of Objection to.*—A supplemental bill is proper in order to introduce new parties whose interest has arisen since the institution of the suit, to introduce new charges, or to put in issue a new material fact, *such as fraud.* But even if there be doubt as to the right to file such a bill, the objection cannot be raised for the first time in the appellate court. The failure to demur, or otherwise object to the filing of the bill, and joining issue thereon, constitute a waiver of objection thereto.

2. COMMISSIONER'S REPORT—*Failure to except to—Waiver of Objections.*—Objection to a decree for errors in the report of a commissioner in chancery, not appearing on the face of the report, cannot avail in the appellate court unless founded on exceptions taken to the report in the court below. Failure to except to the report is deemed to be a waiver of such objections.

3. CHANCERY PRACTICE—*Creditor's Bill to Settle Estate—Parties—Debtors to Estate.*—In a suit by a creditor to settle the estate of a decedent, it is not proper to unite the debtors of the estate as defendants. As a general rule, the debtors of the estate must be sued by the personal representative only. The creditor can only sue the personal representative for settlement, and, if land is to be sold, unite with him those interested in the land, unless some independent source of equity shall be made to appear as to the other parties introduced.

4. RULES OF COURT—*Error assigned under Rule IX—Who may Assign.*—An appellee whose claim is less than $500, cannot assign error unde Rule IX. of this court. This rule was not intended to enlarge or extend the jurisdiction of this court, but only to enable the court to correct errors against appellees in cases where they would have a right to appeal.

Appeal from a decree of the Circuit Court of Augusta county pronounced December 4, 1895, in a suit in chancery

wherein the appellee Nancy H. Wilson, suing on behalf of herself and others, creditors of Geo. A. Wilson, deceased, was the complainant, and the appellant and others were the defendants.

*Affirmed.*

The facts sufficiently appear in the opinion of the court, but as "the practice adopted in the institution of this suit" is criticised in the opinion of Judge Harrison, the bill is given in full. It was as follows:

"Humbly complaining showeth unto your honor your oratrix Nancy H. Wilson, who sues on behalf of herself and all other creditors of George A. Wilson, deceased, who will unite in this suit and contribute to the costs thereof. That a certain George A. Wilson in his lifetime by deed bearing date on the 29th day of May, 1877, conveyed to Howard L. Wilson and William R. Wilson a certain tract or parcel of land situated in the county of Augusta on a branch of Middle River, containing 180 acres, and reserving in said deed the vendor's lien to secure the payment of $5,400 to be paid in seven equal instalments, annually bearing interest from the date of said deed, a duly certified copy of which deed is herewith marked "X" and prayed to be received and read as a part of this bill. At the time of the execution of said deed the said George A. Wilson was indebted to one James Wilson, which indebtedness was evidenced by a bond of George A. Wilson to said James Wilson for a sum of $133.75, bearing date on the 23d day of March, 1872, payable on or before the first day of October, 1872, which bond was duly assigned and transferred by James Wilson to your oratrix Nancy H. Wilson, which bond, however, after said transfer and assignment, although the same has never been paid, has been lost or mislaid, a copy of which, however, is herewith exhibited marked "X 2" and is prayed to be received and read as a part of this bill. That

since the execution of said bond and deed, the said George A. Wilson has departed this life, and his estate has been duly committed to T. R. N. Speck, of Augusta county, by order duly entered by the County Court of Augusta county.

Your oratrix charges that $5,400 purchase money for said tract of land due from said Howard L. Wilson and William R. Wilson, and secured by reservation of vendor's lien in said deed, has not been paid by the said Howard L. Wilson and William R. Wilson to the said George A. Wilson, or, at all events, a large portion of said debt still remains unpaid. Your oratrix also charges that the entire amount specified in said bond executed by George A. Wilson to James Wilson and transferred by said James Wilson to your oratrix still remains due and unpaid to your said oratrix. Your oratrix is advised that the sums still due from said Howard L. Wilson and William R. Wilson as purchase money for said tract of land is personal estate of George A. Wilson, which should, in due course of administration, be collected and applied to the debts of George A. Wilson, and your oratrix is further advised that she is entitled to have said land debts duly administered and applied to the payment of her said debt.

In tender consideration of the premises and for as much as your oratrix is without relief save in equity, your oratrix prays that T. R. N. Speck, sheriff of Augusta county, and as such administrator of George A. Wilson, deceased, Howard L. Wilson and William R. Wilson be made parties defendants to this bill and be required to answer the same on oath. That the said Howard L. Wilson and William R. Wilson be required to pay to said administrator the sum due by them as purchase money for said land, and that the estate of George A. Wilson be duly settled and so much as may be necessary applied to the payment of your oratrix's debt and such other debts as may still appear to be due from George A. Wilson, and that such other, further and general relief may be granted to your oratrix as may be just and

equitable and suited to her case, and as in duty bound your oratrix will ever pray, &c.

NANCY H. WILSON, *By Counsel.*

*Patrick & Gordon,* for the appellant.

*A. C. Braxton,* for the appellees.

*James Bumgardner, Jr.,* for the appellee, Nancy H. Wilson.

HARRISON, J., delivered the opinion of the court.

This is a general creditors' bill asking that the estate of George A. Wilson, deceased, be settled and applied to the payment of his debts. The bill alleges that deceased in his lifetime conveyed to his two sons, Howard L. Wilson and William R. Wilson, his farm in Augusta county, containing 180 acres, in consideration of $5,400, to be paid in seven equal annual instalments, evidenced by the bonds of the purchasers secured by vendor's lien on the land; that these bonds had not been paid, and constituted assets for the payment of decedent's debts. The administrator of George A. Wilson, deceased, and the two sons, Howard L. and William R. Wilson, were made parties defendant. A joint answer was filed by the sons, admitting their purchase of the farm at the price stated in the bill, and the execution of the bonds, but denying that there was anything due to the estate of their father on that account. The cause was duly referred to a commissioner, with instructions to report the assets and liabilities of the estate, and especially the amount due from the sons on account of the purchase of this farm from their father.

The record shows that two days after the sale to his sons, the deceased transferred and assigned these seven purchase-money bonds to his children.

It further appears that, at the time of this transaction, deceased was insolvent. The commissioner reported that these

assignments were without consideration, and void as to the creditors of the deceased, and, after crediting the purchasers with various sums paid by them in discharge of certain debts against their father's estate, ascertained the balance due to be assets applicable to the payment of debts proved and audited against the estate. This finding was repeated and re-affirmed by the commissioner with some modifications as to the amount due, in five reports, each recommittal being upon exceptions taken by Howard L. and William R. Wilson. The court acted on the fourth report, overruling the exceptions to all the reports except so far as they had been modified by the commissioner, and recommitted the cause to ascertain finally the balance due from the purchasers. The fifth and last report ascertained that, after applying all proper credits, the defendants still owed on the land the sum of $5,174.90, but that the sum of $3,644.40 with costs would be sufficient to discharge the unpaid debts. This report was confirmed without exception, and a decree was entered in favor of the administrator of George A. Wilson, deceased, against the defendants, Howard L. Wilson, in his own right and as administrator of his brother and co-purchaser, William R. Wilson, who had died pending the suit, for the sum ascertained to be sufficient to pay the unpaid debts and costs.

From this decree Howard L. Wilson, in his own right and as administrator of William R. Wilson, deceased, has appealed.

It is assigned as error that the court erred in permitting a supplemental bill to be filed, making, as alleged, a different case from that stated in the original bill.

After the third report had been filed, the plaintiff and other creditors filed their supplemental bill, adopting the original bill, and charging in addition that the assignment of the bonds by the father to his children, he being insolvent, a fact not known before, but disclosed in the progress

of the suit, was without consideration and in fraud of their rights as creditors, and therefore void.

We perceive no objection to filing this supplemental bill. It was necessary to bring the assignees of these bonds before the court in order to conclude them by any decree affecting their rights. A supplemental bill is proper in order to introduce new parties whose interest has arisen since the institution of the suit, to introduce new charges, or to put in issue a new material fact, *such as fraud.* 4 Minor's Insts., pt. 2, p. 1263; Story's Eq. Pl., sections 335–6. If, however, there was doubt as .to the right to file this bill, the appellants could have no remedy on this appeal, because the record shows that they answered the bill without demurrer, or otherwise objecting to its being filed, and joined issue upon it, and they cannot now for the first time make objection.

It is further assigned as error that, upon the evidence in the cause, the decree against appellants ought not to have been rendered.

The fifth and last report ascertains finally the amount due from the appellants, reducing it below the sum ascertained by any former report. This report was confirmed without exception by anyone. The record shows that the only question that concerned the appellants was the amount due from them as purchasers. The last report settled that question, and the appellants failed to except to the findings of the commissioner, and they must, therefore, be held to have waived all further objection, and to have acquiesced in that finding as correct.

Objection to a decree for errors in the report of a commissioner, not appearing on the face of it, cannot avail here unless founded on exceptions taken to the report in the court below. *Shipman* v. *Fletcher*, 91 Va, 490. It is proper to state that, although appellants are precluded from now reviewing the decree complained of, we have carefully examined the evidence in the cause, and are of opinion that the conclusions

reached by the commissioner, and sustained by the decree of the Circuit Court, are fully warranted by the evidence, and would prevail here had it been necessary to consider the case on its merits.

The original bill in this case was not demurred to, and no question has since been raised as to it. This court, however, is not to be understood as approving the practice adopted in the institution of this suit. It is not proper in a creditor's suit to settle an estate, to unite as defendants the debtors of that estate. As a general rule, the debtors of an estate must be sued alone by the personal representative of the estate. The creditors can only sue the personal representative for settlement, and, if the land is to be sold, unite with him those interested in the land, unless some independent source of equity shall be made to appear as to the other parties introduced, as, for example, where there is an allegation of the transfer or alienation to them of some part of the debtors' property in fraud of the plaintiffs' right.

Nancy H. Wilson, one of the appellees, and a creditor whose claim was asserted in the original bill, asks that the decree of the Circuit Court rejecting her claim as a charge upon the estate of decedent, may be reviewed under Rule IX. of this court. This claim is for a sum far less than the amount necessary to give this court jurisdiction. Rule IX. was not intended to enlarge and extend the jurisdiction of this court, but only to enable the court to correct errors against appellees in such cases as they would have a right to appeal. As this appellee had no right to appeal in her case, involving, as it does, less than $500, this court has no power to review the decree complained of by her.

Other questions have been suggested in argument, unnecessary to be decided in the view taken of this case, and have therefore not been considered.

There is no error in the decree appealed from, and it is affirmed. *Affirmed.*