Statement.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BEATY v. DOWNING AND OTHERS.

#### NOVEMBER 17, 1898.

Absent, Riely and Cardwell, JJ.

1. CHANCERY PLEADING AND PRACTICE—*Suit by Legatee or Creditor against Personal Representative and Debtor—When Allowed.*—Neither a legatee nor a creditor of a decedent can maintain a suit against his personal representative and another who is a debtor to the estate for the purpose of collecting the debt, except under special circumstances, such as the insolvency of the personal representative ; collusion between him and the debtor ; the fact that the debtor was a partner of the decedent ; or a trustee holding property for, or an agent of, the decedent. A bill which fails to charge these or other special circumstances which will take the case out of the general rule is bad on demurrer.

2. PERSONAL REPRESENTATIVES—*Insurance on Decedent's Life held by Third Party—Excess over Debt—Duty of Representative—Account.*—If a third party holding a policy of insurance on the life of a decedent collects and retains more on account of it than he is entitled to under the law, it is the duty of the administrator to require him to account for the excess, and if, through his failure to do so, any loss has resulted to the estate of the decedent, the administrator should be charged with such loss in his administration account.

3. CHANCERY PLEADING AND PRACTICE.—*Dismissal without Prejudice—Personal Representative—Account.*—The dismissal of a suit in chancery brought by a legatee of a decedent against his personal representative and debtor of the estate, for the purpose of holding the debtor to account, while a separate suit is pending against the personal representative for the settlement of his account, should be without prejudice to the right of the legatee to have the personal representative charged in the other suit with any sum which it was his duty to collect, but which he had failed to collect of the debtor.

Appeal from a decree of the Circuit Court of Warren county pronounced May 17, 1897, in a suit in chancery wherein the

appellant was the complainant, and the appellees were the defendants.

*Amended and Affirmed.*

*J. A. D. Richards, L. A. Bailey,* and *John M. Johnson,* for the appellants.

*Barton & Boyd, L. Triplett, Jr., W. Liggett,* and *John J. Williams,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was brought by the appellant against Charles H. Yohe, administrator of the estate of Charles F. Beaty, deceased, with the will annexed, and Henry H. Downing, alleged to be a debtor of that estate.

The complainant in her bill charges that she is the widow and sole legatee and devisee of Charles F. Beaty, who died on December 9, 1891; that Charles H. Yohe qualified as administrator with the will annexed, and gave bond as such in the penalty of $10,000, with Lewis C. Barley as his surety; that the testator, at the time of his death, resided in Warren county, where his property interests were situated; that Yohe, who was a resident of Alexandria and then barely twenty-one years of age, was for some purpose brought from that city to the county of Warren to qualify as administrator; that Barley, who was also a citizen of Alexandria, and had been prior thereto a ward of Downing's, became his surety; she alleges further that she was informed and so charges that, at the time of Beaty's death, Downing had a contract or policy of insurance on his life, but for what consideration or what insurable interest Downing had in his life she had never been informed or advised; that it seems strange that no report had ever been made of that insurance when collected by Downing, considering the relationship of the parties as before mentioned; that Yohe as

such administrator should have ascertained why Downing had the insurance, what consideration existed therefor, and what insurable interest Downing had in the life of Beaty, all of which he (Yohe) had refused or neglected to do, and that she is therefore compelled to file the bill to discover from Downing what insurance he had on Beaty's life, what insurable interest he had, how much he had collected, and from what company. She further charged that, if Downing had any indebtedness against Beaty at the time of his death, it was not as much as the amount of insurance which he had collected, and that the residue should become and is a part of the assets of Beaty's estate; that it was the duty of Yohe as administrator to have compelled Downing to have made such discovery and had a settlement with him, but that his relations to Beaty and Downing (or Barley and Downing) were such that he had not made nor attempted to make the discovery and settlement, and that she believes and charges that Yohe will never take any action or proceedings at law or otherwise to compel such settlement; that she is the owner under the will of Beaty of all his property, and that it is her duty and to her interest to invoke the aid of the court in order that she may have her rights ascertained, and get the benefit of the property devised and bequeathed to her. She prays that Yohe, administrator, and Downing be made parties defendant to the bill; that Downing be required to answer the allegations of the bill as to the contract or policy of insurance; that Yohe be required to disclose any knowledge that he may have of the insurance, whether he ever signed any receipts or vouchers for the same, and why he has not asserted his rights as administrator to the insurance; that the amount of such insurance be paid into court, and held subject to its further orders; and for general relief.

Downing demurred to the bill, and both he, and Yohe, administrator, answered it. Upon a hearing the court dismissed the bill, and from that decree this appeal was taken.

Opinion.

The first question to be considered is the demurrer of Downing to the bill, which is based upon the ground that there is no privity between him and the appellant, and that no such allegations are made in the bill as would authorize her to join him (Downing) as defendant with Yohe, the administrator of her testator's estate.

It is well settled that a legatee or creditor of a decedent's estate cannot maintain a suit against the personal representative of the decedent and another who is a debtor to the estate, except under special circumstances. What constitute such special circumstances as will justify such a joinder have never been limited by any precise and rigid rule. *Hagan* v. *Walker*, 16 How. 29, 34.

The circumstances usually relied on, and which have been held sufficient to authorize such joinder, are the insolvency of the personal representative; collusion between him and the debtor; the fact that the debtor was a partner of the decedent; or a trustee holding property for, or an agent of, the decedent. Mitford & T. Pl. & Pr., p. 251; Story's Eq. Pl. & Pr., sec. 514; *Long* v. *Majestre*, 1 Johns Chy. 305; *Hagan* v. *Walker, supra.* See *Wilson's Admr.* v. *Wilson*, 93 Va. 546, as to such joinder.

The bill does not charge any of those things, nor does it charge such other special circumstances as would take the case out of the general rule. There is no allegation in the bill that the administrator knew that Downing had the insurance policy, or that the complainant had ever mentioned it to him, or asked him to ascertain under what circumstances Downing held it, or that, having knowledge of it, he refused to enquire into the matter, or to sue to recover it or such part of it as his testator's estate might be entitled to, even if such allegations would have been sufficient. The statements of the bill, if true, and upon demurrer they must be taken as true so far as they are well pleaded, show that the administrator was grossly negligent in the performance of his duties, and were sufficient

to authorize the court to require a settlement of his accounts, and to charge him with all debts lost by his failure to perform his duty, and for any *devastavit* committed by him. If Downing held a policy of insurance upon the life of the testator at the time of his death, and collected and retained more on account of it than he was entitled to under the law, the administrator ought to have required him to account for the excess, and if any loss has resulted to the estate for his failure to do so the administrator should be charged with such loss in his administration account.

The bill not showing such special circumstances as would take the case out of the general rule, the demurrer was properly sustained, and the bill dismissed as to Downing.

Upon the bill and the answer of the administrator, the court ought, and doubtless would have ordered an account of the administrator's actings and doings, but for the fact, as recited in the decree appealed from, that the complainant had brought a suit against the administrator for the purpose of settling his accounts in the same court, and to the same rules as this suit was brought. There was no necessity or propriety in allowing this suit to be prosecuted for that purpose, when there was another suit pending for the same object, and in which all the relief could be had that could be obtained in this suit. The bill in this case was therefore properly dismissed, but the decree dismissing it ought to have shown clearly that it was done without prejudice to the right of the complainant to have the administrator charged with any sum which it was his duty to collect, but which he had failed to collect, from Downing, on account of the policy of insurance held by him.

This court will so amend the decree appealed from, and, as amended, affirm it.

*Amended and Affirmed.*