# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## DULANY AND OTHERS v. SMITH AND OTHERS.

### JUNE 15, 1899.

1. CHANCERY PRACTICE—*Bill by Legatee Against Executor and Debtor—When Allowed—Demurrer.*—A bill filed by a legatee against an executor and one who is indebted to, or has in his hand property of, the estate of the testator, is not bad on demurrer for want of equity where it is charged that the executor is unfaithful to his trust, that he is colluding with the debtor of the estate, and that he is controlled by a desire to unfairly protect and promote the interests of such debtor to the prejudice of the rights of the legatee.

2. CHANCERY PLEADING—*Discovery—Self-Crimination.*—A defendant is not bound to answer interrogatories which will expose him to pains, penalties, or punishment, or to a criminal prosecution, or which will probably subject him to that danger, as no man can be required to criminate himself. But a bill which states a case for equitable relief, independent of such discovery, is not demurrable simply because it calls for such discovery. The defendant has the right to refuse the discovery, if he so elect.

Appeal from a decree of the Circuit Court of Madison county pronounced April 20, 1898, in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Barbour & Rixey* and *Gibson & Thrift,* for the appellants.

*Grimsley & Miller, Hay & Jeffries* and *Geo. D. Gray,* for the appellees.

KEITH, P., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the county of Madison sustaining a demurrer to a bill filed by appellants against the appellees, and it is necessary to a proper understanding of the points involved to state in some detail the averments of the bill.

William S. Rouss died in 1897, leaving a will, by which he gave a small amount of personal property and a life estate in certain real property to his widow, Frances J. Rouss, and died intestate as to the residue of his estate. Joseph N. Miller qualified as the executor. The bill charges that Rouss, prior to his death, was reported and believed to have had in his possession a large amount of money in cash, and it is distinctly charged that at the time of his death he had a sum in gold and silver coin and paper money amounting to not less than $4,000 or $5,000; that the widow and one W. A. Smith, a physician, who it is alleged bears a "most unsavory reputation" in Madison county, conspired together and appropriated to their own use the whole of this sum, and have never accounted for any part of it to the executor. It is further charged that the executor is unfaithful to his trust, which he assumed against the will of plaintiffs, and that, "instead of protecting the estate, he has employed counsel distasteful to those interested and who represent other interests adverse to those of the residuary distributees, and has actually employed said counsel to represent claims against the estate, and that the relations between the plaintiffs and the executor are such that they feel assured that if they talk with him with respect to their claim against the widow and W. A. Smith any information which they might give would be immediately communicated to them, and they would thus be enabled to complete their attempt to waste the estate," and that for these reasons the executor will make no attempt to call the widow and W. A. Smith to account for the money so wrongfully appro-

,priated by them. They therefore make Miller, the executor, W. A. Smith, Frances J. Rouss and others parties defendant to the bill, and call upon them to answer the same, " answers under oath being expressly waived, except that W. A. Smith and Frances J. Rouss respectively are required to answer fully and unequivocally under oath the several interrogations hereto annexed, and marked D and E respectively; said W. A. Smith to answer the interrogatories in list D, and Frances J. Rouss interrogatories in list E."

In our opinion the bill sets out a good cause of action. As was said by Judge Buchanan in *Beatty* v. *Downing*, 96 Va., 451: " A legatee or creditor of a decedent's estate cannot maintain a suit against the personal representative of the decedent and another who is a debtor to the estate, except under special circumstances. What constitute such special circumstances as will justify such a joinder has never been limited by any precise and rigid rule. Those usually relied on and held sufficient to authorize such joinder are the insolvency of the personal representative; collusion between him and the debtor; the fact that the debtor was a partner of the decedent, or a trustee holding property for, or an agent of, the decedent."

The charge in this case of collusion is not as clearly made as it might and perhaps should have been, but we gather from the whole bill, the averments of which upon a demurrer are to be taken as true, that the executor is unfaithful to his trust, and that he is controlled in the performance of the duties reposed in him by a desire unfairly to protect and promote the interests of Smith and the widow to the neglect and injury of the plaintiffs; and that his relations with the plaintiffs are such that they dare not confer with or confide in him lest any information which they might impart would be used to their ultimate disadvantage, and that, controlled by these influences, the executor will make no effort to require Smith and the widow to account for the money of which decedent was possessed at his death, and which it is distinctly charged they took and appropriated to their own use.

Here we have then, a recognized subject of equity jurisdiction. It is true the plaintiffs called upon the defendants for a discovery to aid the proof of the case thus presented, and the defendants would have been wholly within their rights had they declined to answer the interrogatories propounded, and it would have been proper for the Circuit Court to have sustained them in that position. No man can be required to criminate himself, and so it was held in the case of *Northwestern Bank* v. *Nelson,* 1 Gratt., at page 110, that " the defendant is not bound to disclose or answer matters which will expose him to pains, penalties or punishment, or to a criminal prosecution; and that it is not necessary that it should be made to appear that the defendant will be certainly exposed to peril by making the discovery sought; but it is enough if it appear that by answering the interrogatories of the bill he will thereby be probably subjected to danger." In that case the bill was dismissed upon a demurrer, but the discovery sought was the sole ground upon which the interposition of a court of equity was invoked. Here, as we have seen, the bill states a case for equitable relief, independent of such discovery. The principles upon which appellees rely are designed for their protection, and will be enforced in their favor only to the extent necessary to accomplish that result. They cannot be made to give evidence against themselves, but the plaintiff is left free to prove his case by independent testimony. We think, therefore, that the demurrer should have been overruled, and the defendants required to answer the bill, or so much of it as could be answered without exposing themselves to " pains, penalties and punishment or to a criminal prosecution." When their answer comes in, the plaintiffs can except to it, if they are so advised, as insufficient. It will then be for the court to say whether upon the principles governing a court of equity the defendants are exonerated from answering a particular interrogatory.

The decree complained of must be reversed.

*Reversed.*