# Wytheville.

## Saunders and Others v. Bank of Mecklenburg and Others.

June 13, 1912.

Absent, Cardwell, J.

1. Equity Pleading—*Multifariousness.*—Where causes of action, though distinct, are not absolutely independent of each other, and it would be more convenient to dispose of them in one suit, the objection of multifariousness will not prevail. Thus, numerous depositors in an insolvent bank, whose contracts with the bank are identical, and who are entitled to participate equally in its assets, may unite as plaintiffs in one suit against the directors.

2. Equity Pleading—*Suit Against Bank Directors—Demurrer.*—In a suit by several depositors of an insolvent bank to hold the directors liable on account of their negligent management of the affairs of the bank, the failure of the bill to state precisely at what times the directors, respectively, assumed the duties of their office, or when the complainants became depositors, does not render the bill demurrable, as these are matters which the court can adjust, and the method pursued is convenient and suitable.

3. Equity Pleading—*Insolvent Bank—Suit Against Directors—Parties—Receivers—Request for Suit.*—Where the assets of an insolvent corporation have passed into the hands of a receiver, it becomes his duty to collect all of its assets for the benefit of its creditors, including damages which may have accrued by reason of the directors' negligence, and creditors have no right to maintain a suit against directors to recover such damages, unless the receiver, upon proper request, refuses to bring the suit, or the conditions are such that it is reasonably apparent that such a request would have been unavailing. A general allegation that the receiver has declined to institute the suit, without stating by whom or upon what ground the demand was made, is not sufficient. A formal request of the receiver should be charged, and it should be made to appear that an honest but unsuccessful effort had been made to obtain redress.

Appeal from a decree of the Circuit Court of Mecklenburg county. Decree for the defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*John A. Lamb, Samuel A. Anderson,* and *W. E. Homes,* for the appellants.

*Hill Carter, E. P. Buford, Henry C. Smith, E. C. Goode,* and *R. T. Thorp,* for the appellees.

KEITH, P., delivered the opinion of the court.

Saunders and others, depositors in the Bank of Mecklenburg, filed their bill in chancery against certain directors of the bank, in which they allege that the bank had suspended payment and was insolvent; that, owing to the carelessness, negligence, and utter disregard of their duties as directors, loans had been recklessly and improvidently made to insolvent corporations, firms, and individuals; that certain persons named had been allowed to overdraw their accounts, all of which acts of omission to perform their duties had inflicted great loss upon the depositors. They therefore prayed that the directors be made parties defendant, and that proper accounts should be taken to ascertain their liability.

This general statement of the charges of the bill we deem sufficient to bring out the propositions of law which are involved in this cause.

The bill was demurred to upon several grounds—that it failed to show such negligence as would make the defendants, or any of them, liable to complainants; that it fails to show at what time complainants became creditors of the Bank of Mecklenburg; that it fails to show what acts of negligence were committed by the defendants; that it fails to show why the receivers were not proper parties to bring suit against the defendants, or any reason why the complainants undertook to bring suit, instead of the receivers; that it fails to show any request made by the complainants of the receivers to bring suit against the defendants; that the bill is multifarious, in that it seeks to join in the same suit matters which cannot be joined—matters which occurred

when some of the defendants were not directors with matters which occurred when they were.

The circuit court sustained the demurrer to the bill, but upon what specific ground of objection is not stated, further than to say that it was dismissed for want of equity.

We will first consider the objection as to multifariousness.

This subject has been very recently considered in the case of *Seefried* v. *Clarke, ante,* p. 365, 74 S. E. 204, where, after considering many authorities, the principle is stated to be that where causes, though distinct, are not absolutely independent of each other, and it would be more convenient to dispose of them in one suit, the objection of multifariousness will not prevail.

In this case the suit is brought by depositors of a bank whose contracts with the bank are identical. They are entitled to participate equally in its assets, they are very numerous, and every consideration of convenience can be urged in support of their right to unite as plaintiffs.

It is a different case from that of *Brown* v. *Bedford City,* 91 Va. 31, 20 S. E. 968. In that case certain stockholders had been fraudulently induced to become subscribers to a company by identical representations. It was held that it was proper for them to unite in one bill, but creditors having been united in the same suit, whose rights and interests were not only diverse, but wholly antagonistic to the stockholders, a demurrer to the bill was sustained; it being pointed out that the interest of the stockholders was to be relieved from their subscriptions by reason of fraud, while it was to the interest of the creditors that they should be held bound by their undertaking.

Nor does the omission in the bill to state precisely at what time the directors assumed the duties of their office, or when the complainants became depositors, render the bill demurrable.

A similar objection was taken to the bill in *School Board* v. *Farish,* 92 Va. 156, 23 S. E. 221. In that case the decedent had been county treasurer for several terms, and had given official bonds, with sureties, for each term for which he was elected. Upon his death, a bill was filed against his administrator and the sureties on his several official bonds as treasurer, for the purpose of administering his estate, settling his several accounts as treasurer, and

having decrees against his administrator and the sureties on his several official bonds for the amounts due by them, respectively. It was held that the method pursued was convenient and suitable, that no injury was thereby done to any one, and that the bill was not on that account multifarious.

In *Ackerman* v. *Halsey*, 37 N. J. Eq. 356, it was held: "That some of the defendants have been directors longer than others is no ground of demurrer, because the court can discriminate between them, and hold those elected recently only liable for losses incurred during their term of office."

In *Marshall* v. *Farmers Savings Bank of Alexandria*, 85 Va. 676, 8 S. E. 586, 17 Am. St. Rep. 84, 12 L. R. A. 534, it is said that directors "hold to stockholders, depositors, and creditors the relation of trustees to *cestuis que trustent*, and, as such, are personally responsible for frauds and losses resulting from gross negligence and inattention to their trust duties."

The authority of that case is somewhat diminished by the fact that two of the judges dissented, and a third concurred only in the result. It is doubtless true that there is much authority in support of the principle which it enunciates, that directors stand in the relation of trustees to the stockholders and creditors of a bank. As to what is the precise relation there is much conflict of authority, many of the courts holding that the directors are officers of the corporation, and responsible only to it; other cases hold that the directors are responsible for actual fraud to the creditors, but not for mere negligence.

We do not deem it necessary to undertake to harmonize the conflict, if that were possible, or to ascertain to what extent a trust relation exists between the directors of a bank and its depositors, as the demurrer to the bill, in our judgment, was properly sustained upon a ground about which there is little diversity of opinion.

Upon the death of an individual, all rights of action which survive pass to his personal representative, and are to be asserted by him.

In *Beaty* v. *Downing*, 96 Va. 451, 31 S. E. 612, it was held that "neither a legatee nor a creditor of a decedent can maintain a suit against his personal representative and another who is a

debtor to the estate for·the purpose of collecting the debt, except under special circumstances, such as the insolvency of the personal representative, collusion between him and the debtor, the fact that the debtor was a partner of the decedent, or a trustee holding property for, or an agent of the decedent. A bill which fails to charge these or other special circumstances, which will take the case out of the general rule, is bad on demurrer."

*Conrad* v. *Fuller*, 98 Va. 16, 34 S. E. 893, is to the same effect. For a legatee, distributee, or creditor of the decedent to institute suit against a debtor of the decedent, "there must be some special circumstances·which render it necessary or proper for the protection of the rights of such distributee, legatee, or creditor, such as collusion between the personal representative and the debtor, refusal to sue, some impediment in the due prosecution of a suit by the personal representative, or the like."

In *Mount* v. *Radford Trust Co.*, 93 Va. 427, 25 S. E. 244, it was held that "a stockholder in a corporation has no right to bring a suit in equity in his own name, or for the benefit of himself and other stockholders, upon a cause of action existing in the corporation, and in which the corporation is itself the proper complainant, except where it actually or virtually refuses to institute or prosecute the suit. It must be averred and proved that application was made to the proper authorities to institute suit, and they refused, or that such a state of facts exists that the application itself would be useless, or the facts charged must be such as to show that it is reasonably certain that a suit by the corporation would be impossible. But the suit, when brought, is still the suit of the corporation, the stockholder being permitted to sue in this manner simply to set in motion the judicial machinery of the court." Citing Pomeroy's Eq. Jur., sec. 1095. *Dulaay* v. *Smith,* 97 Va. 130, 33 S. E. 533.

Cook on Stockholders, at section 740, says: "Inasmuch as a fraud, *ultra vires*, or negligent act of directors of a corporation is an injury done to the corporation itself, it is the duty and proper function of the corporation to institute any action that may be brought to remedy the injury to the corporation. As already explained, however, a stockholder may bring the action if the corporation improperly refuses or neglects to institute such

suit. Before the stockholder brings suit he must make a formal request to the corporate officers that suit be instituted by the corporation. Upon its refusal or neglect to comply with that request, he may then bring suit himself. It is well settled, however, that he must allege in his bill in equity that such a request has been made and has not been complied with."

In *Hawes* v. *Oakland*, 104 U. S. 450, 26 L. Ed. 827, the court examined the right of the shareholder to sustain a suit under the authorities, English and American, and thus states its conclusion:

"There must exist as the foundation of the suit:

"1. Some action or threatened action of the managing board of directors or trustees of the corporation which is beyond the authority conferred by their charter, or other source of organization; or

"2. Such a fraudulent transaction, completed or threatened, by the acting managers, in connection with some other party or among themselves, or with the other shareholders, as will result in serious injury to the corporation, or to the interests of the other shareholders; or

"3. Where the board of directors, or a majority of them, are acting for their own interests in a manner destructive of the corporation itself, or of the rights of the other shareholders; or

"4. Where the majority of shareholders themselves are oppressively and illegally pursuing a course, in the name of the corporation, which is in violation of the rights of the other shareholders, and which can only be restrained by the aid of a court of equity.

"5. It must also be made to appear that plaintiff has made an earnest effort to obtain redress at the hands of the directors and shareholders of the corporation;

"6. That he was the owner of the stock on which he claims the right to sue at the time of the transaction of which he complains, or that it has since devolved on him by operation of law."

The opinion in that case was delivered by Mr. Justice Miller, whose judgments will be respected as long as the orderly administration of justice in the courts shall obtain.

Appellants rely largely upon the case of *Campbell* v. *Watson*, 62 N. J. Eq. 396, 50 Atl. 120, which is doubtless entitled to great

respect, and in which the court says that "a bank's creditors, on its insolvency, have a direct interest in its affairs, and are the *cestuis que trustent* of the receiver, entitled to enforce all the corporation's rights, and to collect its assets, including the right to claim damages for the directors' negligence." But that case is not in conflict with the principle we are seeking to enforce, which is that, where the assets of an insolvent corporation have passed into the hands of a receiver, it becomes his duty to collect all of its assets for the benefit of its creditors, including damages which may have accrued by reason of a director's negligence; but it does not follow that because the bank's creditors, upon its insolvency, have a direct interest in its affairs, that it is not their duty to call upon the receiver to collect its assets. In the case of *Campbell* v. *Watson* the suit was brought by a receiver, and the opinion of the court is to be construed in the light of that fact.

In *Ackerman* v. *Halsey*, *supra*, it is held that, "where the receiver of an insolvent bank refuses to bring suit, a creditor and stockholder thereof may, for the benefit of himself and of such other creditors and stockholders as elect to join him, maintain a suit against the president and directors for gross official neglect and mismanagement, whereby the bank was financially ruined." This case is cited with approval in *Campbell, Receiver*, v. *Watson*, *supra*, at page 406, 50 Atl. 120. While the latter case fully maintains the ultimate right of the stockholders and creditors of an insolvent corporation to maintain a suit against directors for official negligence and mismanagement, it is apparent that it was not within the thought of the judge who delivered the opinion to disturb the settled law as to the course of procedure by which their remedy was to be sought.

In *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, it is said that "the directors of a corporation, if, through gross negligence and inattention to the duties of their trust, they suffer the corporate funds to be lost or wasted, are liable for the loss so sustained." And, "in case the receiver is one of the directors chargeable with neglect of duty, such action may be maintained by the stockholders, and, when the stockholders are numerous, the action may be brought by one or more in behalf of all." In such an action "it is not necessary to allege in the complaint a direction from the

comptroller, or a demand upon him, and a refusal to direct the receiver to bring the action, or a refusal of the receiver to sue."

In *Trustees of Dollar Savings Bank* v. *Bossieux*, (D. C.) 3 Fed. 817, 4 Hughes 387, the suit was brought by the trustees in bankruptcy of an insolvent bank, and it was held that they might sue the directors of the bank for moneys lost by their gross negligence and an habitual inattention to their duties."

In *Marshall* v. *Farmers Bank of Alexandria, supra*, it appears that the bank, having become hopelessly insolvent, ceased to transact business, and suspended payment on the 1st day of December, 1876; that the board of directors held a meeting on the 7th of December of that year, and appointed Jefferson Tacey to collect and disburse the assets of the bank under the direction of the board of directors; that on the 21st of December, 1877, the bank made a deed of assignment of its assets and property of every kind and description to Jefferson Tacey, in trust, to collect and convert them into cash; that the said Jefferson Tacey had been an officer of the bank from its organization, and was, at the time of its suspension, a director, and was, therefore, as stated in the bill, "not a proper person to whom the whole of the assets of said concern should have been assigned for administration, and that without security." There was no demurrer to the bill, and, therefore, the opinion in the case discusses nothing except the sufficiency of the proof to establish the negligence charged. The defendants were well advised not to enter a demurrer, for the action of the bank in placing the control of all of its assets and the management of all of its affairs in the hands of Jefferson Tacey, one of the offending directors, and that without security, brought the case squarely and fully within the influence of the exceptions to which we have adverted. The authorities which we have cited fully sustain that bill. It is, indeed, strikingly similar to *Brinckerhoff* v. *Bostwick, supra*, where the receiver was one of the directors chargeable with neglect of duty, and it was held that the suit might be maintained without a demand upon and refusal by him to bring suit.

The bill in this case attempts to meet the requirement under consideration by the naked statement that "the receivers of said Bank of Mecklenburg have declined to institute any suit

against said directors to assert liability herein asserted." It is not stated by whom the demand was made, or, indeed, except inferentially, that any demand was made, or the ground upon which the demand was placed. It falls short of what the law requires.

In Cook on Stockholders, *supra*, it is said that, before a stockholder can bring suit, he must make a formal request of the corporate officers that a suit be instituted by the corporation; and in *Hawes* v. *Oakland, supra*, it is said that it must be made to appear that the plaintiff has made an earnest effort to obtain redress at the hands of the directors and shareholders of the corporation.

In considering this question we have dealt with cases which deny the right of stockholders to bring a suit in their own name, of the creditor or distributee of an estate to bring a suit against the administrator and a debtor of the estate, or of the creditor of a corporation, after the appointment of a receiver, to institute a suit in his own name to recover the assets of the corporation; except after a demand and refusal by those upon whom the right to sue is primarily cast, save under exceptional circumstances, because they all depend substantially upon the same considerations and are subject to the same exceptions. That the relation of trustee and *cestui que trust* does or does not exist is not the determining factor. If the creditor of a decedent were permitted to exercise the unrestricted right to sue the debtors of the estate, or the stockholders of a corporation, or the creditors of an insolvent corporation, it would lead to infinite confusion. At the same time the stockholder and the creditor have rights which must be protected, and if those upon whom the law has imposed the duty of guarding their rights fail or refuse, after proper request, to take such steps as may be necessary for their protection, or if conditions exist from which it shall reasonably appear that such a request would have been unavailing, then it is plain, from the authorities which we have considered, that they may themselves bring suit, and thus, as Mr. Pomeroy phrases it, "set in motion the judicial machinery of the court."

We are of opinion that the decree of the circuit court must be affirmed.

*Affirmed.*