## Wytheville.

MURRELL AND OTHERS V. TRADERS AND TRUCKERS BANK.

June 13, 1912.

Absent, Cardwell, J.

1. EQUITY PRACTICE—*Suit by Creditors Against Directors of Insolvent Bank.*— Where the trustee of an insolvent bank has brought a suit in equity, asking the aid and direction of the court in the administration of the trust, and creditors of the bank file an independent bill against the directors to recover damages from them for gross neglect of duty on their part, the latter bill cannot be maintained, either as an original bill or as a petition in the trustee's suit, where it does not appear that any demand was made upon the trustee to proceed against the directors, or that such a demand or request would have been unavailing.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk. Decree for the defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford, W. L. Williams,* and *C. J. Collins,* for the appellants.

*James G. Martin, T. Catesby Jones, James E. Heath, N. T. Green, Thomas H. Willcox, Tazewell Taylor, O. L. Shackleford,* and *W. H. Taylor,* for the appellees.

KEITH, P., delivered the opinion of the court.

The Traders and Truckers Bank became insolvent, and Murrell and other creditors of the bank instituted a suit against the directors to recover damages from them for gross neglect of duty upon their part. This case differs from that of *Saunders* v.

84

*Bank of Mecklenburg, ante,* p. 656, 75 S. E. 94, just decided, in no material respect.

It seems that on the 9th of August, 1909, the bank made an assignment to Winston, trustee, of all of its assets, and that he, at a subsequent date, instituted suit, asking the aid and direction of a court of chancery in the administration of the trust. The bill in the case before us prays that it be heard along with the suit of *Winston, Trustee,* v. *Traders and Truckers Bank,* and it was suggested, in argument, that the bill in this case might be treated as a petition in that suit. There was a demurrer to the bill, which the circuit court sustained, and the bill was dismissed.

For the reasons given in the case of *Saunders* v. *Bank of Mecklenburg,* we are of opinion that there was no error in the decree. We cannot maintain the bill in this case, either as an original bill or as a petition, without doing violence to the principle there established, as it does not appear that any demand or request was made upon the trustee to proceed against those who are named as defendants in this suit. To hold that the bill could be treated as a petition would be a transparent effort to escape from a salutary principle of chancery pleading and practice.

We are of opinion that the decree should be affirmed.

*Affirmed.*