93  427
f104  126

# Wytheville.

## MOUNT v. RADFORD TRUST CO. & OTHERS.

### JULY 23, 1896.

Absent, Harrison, J.

1. CHANCERY PLEADING—*Suit by Stockholder on Right of Action in Corporation.*—A stockholder in a corporation has no right to bring a suit in equity in his own name, or for the benefit of himself and other stockholders, upon a cause of action existing in the corporation, and in which the corporation is itself the proper complainant, except where it actually or virtually refuses to institute or prosecute the suit. It must be averred and proved that application was made to the proper authorities to institute suit and they refused, or that such a state of facts exists that the application itself would be useless, or the facts charged must be such as to show that it is reasonably certain that a suit by the corporation would be impossible. But the suit, when brought, is still the suit of the corporation, the stockholder being permitted to sue in this manner simply to set in motion the judicial machinery of the court.

2. INJUNCTIONS—*Motion to Dissolve in Vacation—Hearing on Merits.*—Upon a motion in vacation to dissolve an injunction, it is error for the court to proceed to hear the case on its merits, and dismiss the bill, in the absence of the consent of record required by the statute. The injunction may be dissolved in vacation, but the hearing on the merits should stand over until the term.

Appeal from a decree of the Corporation Court of the city of Radford, pronounced December 2, 1895, in a suit in chancery, wherein the appellant, suing on behalf of himself and all other stockholders of the Radford Publishing Company, was the complainant, and the appellees were the defendants.

*Amended and affirmed.*

The opinion states the case.

*Hoge & Hoge,* for the appellant.

*Gardner & Wharton,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The appellant instituted a suit in equity in the Corporation Court of Radford city against the appellees, in behalf of himself and all other stockholders of the Radford Publishing Company, who would come in and contribute to the costs of the suit. He alleged in his bill that he was the owner of fifty-one shares of the stock of that corporation; that the Radford Land and Improvement Company claimed to hold a deed of trust on all the property of the Publishing Company to secure the payment of a note for one thousand dollars, payable to the Radford Land and Improvement Company, and then held by the Radford Trust Company, as assignee; that the note was not paid at maturity, and that the trustee had advertised the trust subject for sale, for the payment of the $1,000 and its interest, without giving the Publishing Company credit for certain sums which it had paid on the debt, and that he also proposed to sell for an additional sum paid out for insurance upon the trust property for which there was no authority; that while he, the complainant, was a stockholder of the Publishing Company, he had no personal knowledge of the execution of the pretended deed of trust, nor of the note whose payment it was given to secure; that he had been unable to obtain access to the books of the Publishing Company, and was unable to ascertain by what authority the note and deed of trust were executed, and that he therefore denied that the same were legally authorized by the Publishing Company, or constituted any valid claim upon its property; that he was advised that at the time of the execution of the deed of trust there were other and valid outstanding debts and demands against

the Publishing Company, and that it had no right to prefer its creditors; that even if the deed of trust was authorized by the proper authorities of the Company, it was without warrant of law and of no effect; that third parties had, after the execution of the pretended trust, leased the property of the Publishing Company, and assumed the payment of its debts; and that after they had so assumed its indebtedness, and thereby became principal and the Publishing Company a mere surety, the Radford Land and Improvement Company, the payee in the $1,000-note, had extended the time for its payment after it became due, without the knowledge and consent of the publishing Company, and thereby released it from further liability thereon.

The prayer of the bill was that the Radford Trust Company, M. C. Jamison, the trustee in the deed of trust, Wharton and Gardner, attorneys, and Jones, Page, and Miles, the lessees of the property, be made parties defendant to the bill; that they be required to answer, but not under oath; that the note for $1,000, and the deed of trust to secure it, be declared null and void, or, if they should be deemed valid and in force, that an account of the indebtedness of the Publishing Company be taken as of the date of the deed of trust; that it be held to enure to the benefit alike of all its creditors; that the Publishing Company be exonerated from further liability for the $1,000-note assumed by Jones, Page, and Miles; that, in the event the Publishing Company be held to be not exonerated from its payment, the note be credited with all proper credits, and the estate, real and personal, of Jones, Page, and Miles, be subjected first to its payment, and that the Radford Trust Company, assignee, the Radford Land and Improvement Company, M. C. Jamison, trustee, and Gardner and Wharton, attorneys, be enjoined and restrained from further proceedings under the deed of trust, and that general relief be afforded the complainant.

An injunction was granted as prayed for on the 25th of September, 1895. A motion was made to dissolve the injunction on the 14th day of October following, before the judge in vacation, at which time the Radford Trust Company, the trustee, Jamison, and Wharton and Gardner, attorneys, filed their separate demurrers and answers, to which answers the complainant filed general replications. The motion to dissolve was continued by consent until December 2, 1895, which was in the vacation of the court. Upon that day the motion was heard upon the bill, the answers of the defendants, treated as affidavits on the motion to dissolve, and depositions of witnesses. The court dissolved the injunction, decided the case upon the merits, held the deed of trust valid, and directed the trustee to execute it.

From that decree the appellant appealed to this court.

He assigns as error, first, that the court erred in dissolving the injunction.

A stockholder in a corporation has no right to bring a suit in his own name in a court of equity upon a cause of action existing in the corporation, and in which the corporation itself is the proper complainant, except where it actually or virtually refuses to institute or prosecute such suit. The corporation holds the title, legal or equitable, to the corporate property, and is, as a rule, the only proper party to sue for wrongful dealings with its property. If, however, the corporation is unwilling or unable to sue, then a stockholder has the right to institute proceedings in equity for the protection of his interests in the corporation. The reason why he is allowed to do this when he has no estate in the corporate property, either legal or equitable, is stated by Mr. Pomeroy as follows: "The stockholder does not bring such suit because his rights have been *directly* violated, or because the cause of action is *his,* or because *he* is entitled to the relief sought. He is permitted to sue in this manner *simply*

*in order to set in motion the judicial machinery of the court.* The stockholder, either individually or as the representative of the class, may commence the suit, and may prosecute it to judgment; but in every other respect the action is the ordinary one brought by the corporation. It is maintained directly for the benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder plaintiff. The corporation is therefore an indispensably necessary party, not simply on the general principles of equity pleading, in order that it may be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree." Pomeroy's Eq. Jur., sec. 1095.

In order that a stockholder may institute such a suit, he must allege and prove that a request or demand has been made upon the board of directors, or other body managing the corporation that they institute proceedings on the part of the corporation against the wrong-doers, and their refusal to do so after reasonable request, or demand. Or he must allege such a state of facts as will show that the defendants whom he charges with the wrong doing constitute a majority of the board of directors, or managing body at the time of the suit, or that they, or a majority of them, are under the control of the defendant wrong-doers, so that the court may infer that they would refuse to bring such suit; or he must allege such facts in his pleading as will show that it is reasonably certain that a suit by the corporation would be impossible, and that a demand to sue would be useless. Then, in either case, the stockholder may, without averring or proving that he made any request or demand, maintain such suit. Pomeroy's Eq. Jur., sec. 1095; Cook on Stockholders, secs. 740, 741, (3rd Ed.); *Hawes* v. *Oakland,* 104 U. S. 450.

If the facts existed upon which the appellant based his suit, the Radford Publishing Company was the proper party

to sue, and he had no right to sue unless it actually or virtually refused to do so. He does not allege that he had made any request to or demand upon its board of directors that they should institute proceedings for the protection of the Company's property, and that they had refused to do so; neither does he allege any such state of facts from which the court might reasonably infer that such request or demand would be unavailing, and therefore unnecessary. He gives no reason whatever in his bill why it became necessary for him to institute a suit for the protection of the Publishing Company's property and rights. He not only failed to make the necessary averments in his bill to give him a standing in a court of equity, but he also omitted to make the Publishing Company (which was an indispensable party) a party to his suit.

The bill did not make a case which entitled the appellant to sue. The court ought not to have granted an injunction in the case in the first instance, and properly dissolved it upon the motion to dissolve. But upon that motion it had no right, even if the appellant had shown that he had the right to bring the suit, to decide the case upon the merits. It was a motion to dissolve an injunction in vacation. There had been no consent entered of record, as required by the statute, which authorized the court to hear the case in vacation upon the merits. Code, sec. 3427.

The decree appealed from, so far as it purports to pass upon the merits of the case, is therefore void, and must be disregarded. We are of opinion that the decree must be amended in that respect, and, as amended, affirmed, and the cause remanded to the said Corporation Court with direction upon the hearing of the cause to dismiss the bill of the complainant, unless he can amend it in accordance with the views expressed in this opinion, but the dismissal shall be without prejudice to the rights of anyone.

*Amended and affirmed.*