## DALHART GAS CO. v. STAFFORD.

No. 3960.

Court of Civil Appeals of Texas. Amarillo. Feb. 15, 1933.

Rehearing Denied March 15, 1933.

Madden, Adkins, Pipkin & Keffer, of Amarillo, and B. N. Richards, of Dalhart, for appellant.

Tatum & Strong and Wilson Cowen, all of Dalhart, for appellee.

MARTIN, Justice.

The following brief statement will, we think, sufficiently illustrate the law points discussed herein: Appellee operated a steam laundry in the town of Dalhart. He alleged that one Brown secured a franchise from the city of Dalhart to furnish gas to its inhabitants and that a rate structure was agreed upon, paragraph 12, bracket 3 of which provided for a rate per month of 15 cents per 1,000 cubic feet of gas used. He further alleged that appellant as assignee and owner of said franchise had illegally collected from him 18 cents per 1,000 cubic feet of gas used by him from June, 1928, to October, 1931, or an excess of 3 cents per 1,000 cubic feet, aggregating the sum of $889.46.

Appellant pleaded that bracket 3, section 12, of Ordinance 52, which provided for a rate of 15 cents on its face, was a mutual mistake. and that the real and true agreement was for 18 cents, and that the insertion of the 15-cent rate was due to a mistake of the scrivener. It further pleaded that when such mistake was discovered some three years later, Ordinance No. 53 was enacted reforming and correcting this bracket and making it conform to the original agreement of 18 cents per 1,000 cubic feet of gas.

The trial was before the court, who entered judgment for appellee for the full amount sued for.

The court filed findings of fact and conclusions of law. Among his findings of fact under attack is the following:

"That the city council of Dalhart, Texas, passed an ordinance amending the original franchise ordinance and changing the rate to be charged by the Dalhart Gas Company for all gas monthly consumed by any consumer in excess of the first 200,000 cubic feet of gas from 15 cents to 18 cents per thousand cubic feet, and provided that the rate to be charged on all gas consumed in excess of 2,-200,000 cubic feet and not in excess of 7,200,-000 cubic feet should be sold at a rate of 15 cents per thousand cubic feet."

Ordinance No. 53, which is the one referred to in the above finding, was introduced in evidence, and we quote here some of its provisions:

"Whereas, the attention of the City Council of the City of Dalhart has been called to the error and mistake made in so enacting said Ordinance No. 52, and now desires to reform and correct said Ordinance No. 52, so as to make said Section 'Twelfth' thereof to read and provide a proper and correct schedule of rates as originally intended."

"Whereas, through mutual mistake, inadvertence and oversight, said Section 'Twelfth' of said Ordinance No. 52 was erroneously made, passed and adopted to read as follows: (as to the third subdivision thereof): For the next 2,000,000 cubic feet, or fraction thereof, per month at the rate of fifteen cents (15¢) per thousand cubic feet."

"Whereas, it was the intention of the City Council and other parties interested that Section 'Twelfth' of said ordinance should read and provide as follows (as to the third subdivision of the rate structure thereof): For the next 2,000,000 cubic feet, or fraction thereof, per month, at the rate of eighteen cents (18¢) per thousand cubic feet."

The effect of the trial court's finding and his judgment was to abrogate that portion of the last contract represented by Ordinance No. 53 entered into by the city and appellant herein, correcting the rate in the third bracket, which is the one in controversy. We express some doubt of the right of a court to enter any judgment affecting a contract when the parties to same were not before it. In this case the municipal corporation was not made a party. Shawhan v. Zinn, 79 Ky. 300; Mount v. Radford Trust Co., 93 Va. 427, 25 S. E. 244. We say this in passing only, as no point is made of this and it is not necessary to expressly decide it.

██ It seems clear to us that the parties to this contract might voluntarily do that which a court of equity would compel in an appropriate proceeding. If a mutual mistake existed originally in this contract in respect to the rate in question, equity would reform it to express the true agreement. In such a proceeding appellee herein would be neither a necessary nor a proper party. He was a beneficiary under, but not a party to, the contract. He had the right to, but was not compelled to, use the gas at the agreed rate. His action in so doing was purely voluntary. In no sense has his position been involuntarily altered to his injury by the contract in question. Being only a beneficiary, he can claim no higher rights under the contract than the parties who made it. 10 Tex. Jur. 485, and authorities there collated. To give him superior rights would be to exalt the creature above his creator. Could the city enforce a 15-cent rate in the face of its solemn contract agreeing to an 18-cent rate? Appellee must take this contract as he finds it. Not being a necessary party to its reformation in a suit in equity, and being therefore bound by any judgment reforming it, he is likewise bound by a voluntary reformation of it entered into in good faith, particularly in the absence of any showing of collusion or fraud. There is no attempt here to show that the reformed contract was fraudulent. The rate charged appellee was the one immediately set up on the books of the gas company and collected for more than three years after the making of the original agreement. It is agreed between the parties who made the contract that 18 cents was the rate originally agreed upon. The party who wrote the original contract testified that the insertion of the 15-cent rate was a mistake of the scrivener. This is not disputed. "Except as to bona fide purchasers without notice and those standing in similar relations, upon the reformation of an instrument, the general rule is that it relates back to, and takes effect from, the time of its original execution." Beckius v. Hahn, 114 Neb. 371, 207 N. W. 515, 517, 44 A. L. R. 73, See this case for exhaustive collation of authorities.

This instrument was reformed voluntarily in October, 1931, and appellee filed this suit the following year. His case stands as though the original contract provided for an 18-cent rate in the absence of some showing that the reformed contract was invalid. There is no evidence in this record to support such a conclusion. If the reformed contract is to be given effect from the date of the original one, which was 1927, manifestly the judgment of the trial court was erroneous.

Other questions pass out of the case under this holding and will not be discussed.

The judgment of the trial court is reversed, and the cause remanded.