# Richmond

JOSEPH W. KOCH v. SEVENTH STREET REALTY CORPORATION, ET AL.

March 9, 1964.

Record No. 5717.

Present, All the Justices.

*Gordon P. Williams* (*Williams, Williams, Williams & Williams,* on brief), for the appellant.

*LeRoy R. Cohen, Jr.* (*Cohen, Cox & Kelly,* on brief), for appellees, Seventh Street Realty Corporation; William B. Thalhimer, Jr. and Charles G. Thalhimer.

*R. Harvey Chappell, Jr.* (*Christian, Barton, Parker, Epps & Brent,* on brief), for appellee, Thalhimer Brothers, Inc.

*J. Randolph Tucker, Jr.* (*Tucker, Mays, Moore & Reed,* on brief), for appellee, Western Union Telegraph Company.

BUCHANAN, J., delivered the opinion of the court.

Joseph W. Koch, plaintiff, a stockholder in Seventh Street Realty Corporation, filed his bill "on behalf of himself and all other stockholders" of the company, praying for the cancellation as ultra vires of certain leases made by said company to Thalhimer Brothers, Incorporated (Thalhimers), and The Western Union Telegraph Company (Western Union), and for an injunction prohibiting Seventh Street from carrying out said leases; for the appointment of a receiver to take over the assets and affairs of the company, and for damages of $2,500,000 for the benefit of the company, its stockholders and plaintiff against Thalhimers and all individual defendants "in their individual and representative capacities * * for the fraudulent acts and undercharging of rent and their complicity therein."

The individual defendants were John M. Fox, president and director of Seventh Street; Ruth T. Stern, assistant secretary of Seventh Street; DeWitt Stern, director of Seventh Street; William B. Thalhimer, Jr., vice-president and director of Seventh Street, and president and general manager and director of Thalhimers; and Charles G. Thalhimer, secretary-treasurer and director of Seventh Street and vice-president, secretary and director of Thalhimers.

Separate demurrers to the bill were filed by Seventh Street, Thalhimers, Western Union, William B. Thalhimer, Jr., and Charles G. Thalhimer, which the court sustained and dismissed the bill. The plaintiff appeals and asserts that the primary question raised by his assignments of error is whether the bill stated a basis for relief in a court of equity. The answer is to be found in the allegations of the bill, which as amended are as follows:

That the plaintiff owns 84 shares of the 3000 shares of the capital stock of Seventh Street which he inherited from his mother in July 1944; that Seventh Street was incorporated under the laws of Virginia in 1925, and owns a lot with the building thereon located at the northeast corner of Seventh and Grace streets, in the city of Richmond, which is leased to tenants for rentals; that the sole business of Seventh Street is the operation, upkeep and maintenance of the building, leasing space therein and collecting rentals;

That when Seventh Street was incorporated its 3000 shares of stock were owned by Moses and Isaac Thalhimer, brothers, who were also the owners and operators of Thalhimers; and the "apparent purpose" of the company was to provide warehouse space at a low cost for Thalhimers, a department store, and to lease a portion to other tenants to defray the cost of the building; but that the ownership of the two corporations (Seventh Street and Thalhimers) has changed since plaintiff acquired his stock, and their position has diverged to that of landlord and tenant;

That Seventh Street has only four officers and four directors and two of these, William B. Thalhimer, Jr., and Charles G. Thalhimer, are officers and directors of Thalhimers, and have been negotiating and executing leases for Seventh Street contrary to the interest of its stockholders, but particularly favorable to Thalhimers; that all affairs of Seventh Street have been run by these two directors; that the annual gross rentals received by Seventh Street approximate $75,000, while Thalhimers, which occupied over two-thirds of the space in the building, paid annual rentals for 1960 and 1961 of less than $15,000; and that with minimum alterations the building could be leased for office space for sixteen times that amount;

That in order to conceal from the stockholders the true value of the building the officers and directors have permitted Western Union to sublease space unused by it and thereby to unjustly enrich itself;

That John M. Fox and Virginia Fox Stern, his sister [wife of DeWitt Stern], together own one-half [1500 shares] of the outstanding stock of Seventh Street and they, together with William B., Jr.,

and Charles G. Thalhimer, control said company and the election of officers and directors, although, as plaintiff believes, neither of the Thalhimers owns as many shares as he does; and that DeWitt Stern is not a stockholder and not a resident of Virginia;

That the present leases with Thalhimers and Western Union are new or renewal leases, made by the officers and directors contrary to the interests of the stockholders; that these two tenants hold long-term leases and all other tenants hold short-term leases; that at the time set for the annual stockholders meeting, April 20, 1960, the leases held by these two tenants were believed to expire in 1967, but that meeting was postponed to June 24, 1960, and the long-term lease to Thalhimers was extended June 1, 1959, without the knowledge of the stockholders and without the approval of any recorded meeting of the board of directors; that this lease extension and other long-term lease extensions provide for rentals far below the market value of rental properties in that area of the city and will bind Seventh Street and its property until 1987 unless relief is granted; and that these and the preceding leases between Seventh Street and the long-term tenants, as far back as 1948, have been and are of great pecuniary detriment to the plaintiff and all other stockholders;

That the long-term leases were illegally entered into and are therefore illegal and void; that Seventh Street has been without a properly constituted board of directors for these many years, as required by statute; that "by fraud, deceit and other devices" the defendants serving on the boards of both corporations have concealed from the stockholders of Seventh Street "their real function contrary to the interest of said corporation;" that prior to and since 1960 plaintiff has "sought to interest other stockholders in a more re-munerative use of said building;" that following the meeting of June 24, 1960, and receipt of a copy of the minutes on March 18, 1961, plaintiff became concerned but was still unable to establish anything other than that the minutes of the stockholders' meetings were ap-parently incomplete, and that they did not reflect the true vote on the resolution adopted ratifying the acts of the officers and directors; that he was present at the meeting of June 24, 1960, at which said resolution was made, seconded and adopted, but not unanimously as recited in the minutes; "that it is only with knowledge or belief in the cumulative acts and complicity of all of the officers and direc-tors that plaintiff has recognized the need for court aid, after having requested, at the annual stockholders' meeting on April 18, 1962, that steps be taken to increase the rentals or sell the building."

The demurrers of Seventh Street and Western Union were on the ground that the bill of complaint was not sufficient in law; the demurrer of Thalhimers was on the grounds that the bill did not allege: (1) facts which show a right to maintain the suit; (2) that plaintiff has exhausted all means to obtain within the corporation redress of his alleged grievances; (3) facts concerning alleged grievances, but mere conclusions; (4) facts that in any way support his charges of "fraud, deceit and other devices." The demurrer also alleged (5) that plaintiff is barred by laches.

The demurrer of William B. Thalhimer, Jr., and Charles G. Thalhimer was on grounds essentially the same as grounds (1), (2), (4) and (5) above, and in addition that the bill alleges no facts in support of the assertion that the long-term leases are illegal and void; and no facts in support of the assertion that the Board of Directors of Seventh Street is not properly constituted, but affirmatively shows that the leases and extensions were effectively executed and duly authorized and ratified.

Several of the grounds so relied on are firm and fatal obstacles to the maintenance of plaintiff's suit.

The bill states no reason for its allegation that the Board of Directors of Seventh Street is not a properly constituted board "as required by statute." No statute is referred to as having been violated. The bill alleges that the corporation has four directors and names them as being the two Thalhimers, John M. Fox and DeWitt Stern, the latter two being non-residents and Stern owning no stock.

Section 13.1-36 of the Code requires that the board of directors be not less than three; and § 13.1-35 provides that a director need not be a resident of this State or a stockholder of the corporation unless the charter so requires.*

Plaintiff does not state specifically the basis for his charge that the long-term leases with Western Union and Thalhimers were illegal and void. No grounds at all for holding the Western Union lease void are suggested in the bill. The ground with respect to Thalhimers' lease appears to be that the two Thalhimers were directors of both corporations. But a contract between corporations having common directors or officers is not for that reason void, but only voidable. 3 Fletcher Cyclopedia Corporations, 1947 ed., §§ 961-2.

---

* As an appendix to his brief the plaintiff filed a diagram showing how the capital stock of Seventh Street is now owned. It appears that John M. Fox owns 980 shares, Virginia Fox Stern 520 shares, William B. Thalhimer, Jr., owns 45 shares, and Charles G. Thalhimer 85 shares.

"It is firmly established that a contract between corporations having directors and/or officers in common is not void, but at best voidable." Anno., 33 A.L.R.2d 1060-65, citing many cases.

In a case in which two directors were parties to a contract with their own corporation, this court held that the contract was not void on that account, "but was voidable only at the election of the 'party whose interest has been so represented by the party claiming under it.' " *Addison, et al.* v. *Lewis, et al.*, 75 Va. 701, 721. See also *Marcuse* v. *Broad-Grace Arcade*, 164 Va. 553, 570 *ff.*, 180 S. E. 327, 334 *ff.*

Being at most voidable, the leases of Thalhimers and Western Union were, so the bill alleges, ratified by the stockholders of Seventh Street at the annual meeting held on June 24, 1960. They were also, after this suit was brought, specifically ratified and approved by the stockholders at their annual meeting on April 16, 1963, as hereinafter referred to.

There is obviously sound logic in the statement quoted in *Peters* v. *Waverly Co.*, 113 Va. 318, 324, 74 S. E. 168, 170, from *MacDougall* v. *Gardiner*, (1875-6), 1 Ch. Div. 13:

" "* * [I]f something has been done illegally which the majority of the company are entitled to do legally, there can be no use in having litigation about it, the ultimate end of which is only that a meeting has to be called, and then ultimately the majority gets its wishes. * * [B]ut if what is complained of is simply that something which the majority are entitled to do has been done or undone irregularly, then I think it is quite right that nobody should have a right to set that aside or to institute a suit in chancery about it except the company itself.' "

While the plaintiff alleges in his bill that he sues for himself and all other stockholders of Seventh Street, it appears from the bill that the other stockholders, or at least a majority of them, do not want the suit maintained or the relief that is prayed for granted, and the action of the stockholders taken at their annual meeting on June 24, 1960, ratifying the lease, as alleged in the bill, is a bar to the right of the plaintiff to bring the suit for the benefit of the corporation. *Mount* v. *Radford Trust Co.*, 93 Va. 427, 430-1, 25 S.E. 244, 245; *Saunders* v. *Bank*, 113 Va. 656, 660-1, 75 S.E. 94, 95.

Again, plaintiff's bill does not allege that he has sought relief within the corporation. A stockholder has no right to bring a suit in equity for the benefit of himself and other stockholders upon a

cause of action existing in the corporation, except when it refuses to institute the suit.

"In order that a stockholder may institute such a suit, he must allege and prove that a request or demand has been made upon the board of directors, or other body managing the corporation that they institute proceedings on the part of the corporation against the wrong-doers, and their refusal to do so after reasonable request, or demand. * *." *Mount* v. *Radford Trust Co., supra,* 93 Va. at 431, 25 S. E. at 245. *Virginia Pass. & P. Co.* v. *Fisher,* 104 Va. 121, 126, 51 S.E. 198, 200; *Saunders* v. *Bank, supra,* 113 Va. at 660, 75 S.E. at 95.

▇ Also, plaintiff's bill contains no sufficient allegation of fraud. It alleges that "by fraud, deceit and other devices," the defendants have concealed from the stockholders "their real function, contrary to the interest of said corporation."

Fraud is a conclusion of law from facts, and "it is a well settled rule of pleading, both at law and in equity, that the facts out of which the fraud arises must be alleged as well as proved to justify relief on that ground." *Virginia Pass. & P. Co.* v. *Fisher, supra,* 104 Va. at 132, 51 S.E. at 202.

A demurrer admits that all material facts which are well pleaded are true, "[b]ut the demurrer does not admit the correctness of the conclusions of law stated by the pleader, or that the inferences of fact drawn by the pleader from facts alleged may be fairly and justly drawn therefrom." *Ames* v. *American Nat. Bank,* 163 Va. 1, 38, 176 S.E. 204, 216.

The allegations of the plaintiff's bill are in substance that the building owned by Seventh Street is not producing enough rent. The bill related this situation with respect to the Thalhimer lease to the fact that two of the directors of Seventh Street are also directors of Thalhimers. But neither is a director of or has any interest in Western Union, and there is nothing in the bill to indicate that the lease to it involves more than a mere matter of business judgment, which is the concern of the stockholders rather than of the courts. The stockholders own Seventh Street and two of its four directors own or represent 1500 of the 3000 shares of the stock, and it is not alleged that they have any interest in Thalhimers. Other than mere conclusions, plaintiff alleges no more than a conflict of interests as ground for invalidating the Thalhimer lease. But this at most renders the lease contract voidable and this alleged defect has been removed by the ratification and approval of the stockholders, as the bill alleges.

In addition to the approval of the leases by the stockholders at their meeting on June 24, 1960, it appears that they gave further and unmistakable approval at their annual meeting on April 16, 1963, after the decree appealed from was entered.

On December 17, 1963, the defendants filed a motion to dismiss this appeal on the ground that "the issues herein have become abstract and immaterial," because the stockholders of Seventh Street at their annual meeting on April 16, 1963, had approved, ratified and confirmed the leases and extensions and renewals of leases complained of in the bill.

It appeared from copies of instruments filed with the motion that prior to the April 16, 1963, meeting there had been mailed to each stockholder a copy of the bill of complaint, a copy of all lease agreements with Thalhimers and Western Union, and a notice that at the meeting directors would be elected and the stockholders would be asked to approve, ratify and confirm all existing leases and renewals and extensions of leases theretofore entered into on behalf of the corporation; and it further appeared that at the meeting so held on April 16, 1963, the stockholders, by a vote of 2601 shares for and the 84 shares of the plaintiff against (45 other shares being present but not voting), approved, ratified and confirmed, by formal resolution, all leases and extensions and renewals of leases theretofore entered into by the corporation, and re-elected the same four directors.

Thus the plaintiff was not entitled to maintain his suit on the allegations of his bill, or on the facts if as alleged in the motion to dismiss. See *Ward* v. *Charlton*, 177 Va. 101, 12 S.E.2d 791.

The decree appealed from is accordingly

*Affirmed.*