## CIRCUIT COURT OF FAIRFAX COUNTY

Phoenix Medical
Electronics Services, Inc.

v.

Ulrich Klamm,
t/a M. P. Medical, Inc.,
and Hospital Diagnostic
Equipment Corp.

May 10, 1989

Case No. (Law) 86762

By JUDGE JACK B. STEVENS

This matter is before this Court on (1) Plaintiff Phoenix's demurrer to the Second Amended Counterclaim of defendant Hospital, and (2) Phoenix's Plea in Bar to Count V (fraud) of the counterclaim. For the reasons that follow, the Plea in Bar to Count V is denied, and the Demurrer is sustained in part and overruled in part.

Count V alleges misrepresentation in the inducement to the contract by Phoenix concerning the skill, knowledge, and training of Phoenix employees. The Plea in Bar alleges that Phoenix did not make any misrepresentations at any relevant time. Since proof of the Counterclaim requires proof of the alleged misrepresentation, the Plea in Bar constitutes nothing more than a plea of the general issue which has been abolished in Virginia. Rule 3:5, Rules of the Supreme Court of Virginia. *See*, Burks' Pleading and Practice, 4th Edition, § 216. Further, in connection with the Plea, Phoenix requests the Court to rely upon

an ex parte affidavit dehors the record. Since the Court is precluded by Rule from relying upon such material in connection with a Motion for Summary Judgment, it is doubtful that such a procedure here would withstand scrutiny for due process. *See*, Rule 3:18.

Phoenix has demurred to Count I on the grounds that there has been a failure to allege that all conditions precedent to recovery have been met under the March 15, 1987, maintenance agreement and the damages requested are in excess of those allowed by the contract. Count I alleges breach of a February 23, 1987, oral installation agreement to which the March 15, 1987, written contract conditions precedent do not apply, including any limitation on damages; the demurrer to Count I is overruled.

Phoenix has demurred to Counts II and IV (negligence) on the ground that Hospital is attempting to convert a breach of contract action into a tort. While § 8.01-272 allows the pleading of alternative theories of recovery as long as they arise out of the same set of facts, it does not allow the joinder of a contract theory and a tort theory in the same count as Hospital has done here. More importantly, however, there is no allegation of any duty by Phoenix to Hospital other than by contract; as such, the demurrer to Counts II and IV is sustained.

Phoenix has demurred to Count III (breach of maintenance agreement) on the grounds that (1) Hospital seeks damages expressly excluded by the contract and (2) that Hospital fails to allege written notification within thirty days as required by the contract. Since the contract specifically limits liability to the cost of repairing or correcting the defects, claims other than for such cost are demurrable. Likewise, Hospital fails to allege the written notification required by the contract. Both grounds being well taken, the demurrer to Count III is sustained.

Finally, Phoenix has demurred to Count V on the grounds that:

(1) the fraud count fails to specifically allege the time, place, and dates of the fraudulent acts.

(2) Hospital is asserting Klamm's cause of action which is not assignable.

(3) Reliance on representations outside the four corners of the agreement is unreasonable and cannot be the basis for an action in fraud.

As to ground (1), Hospital has sufficiently alleged fraud under *Koch v. Seventh Street Realty Corp. et al.*, 205 Va. 65 (1964). Phoenix's objection that the count fails to allege the time, place, and dates of the fraudulent acts is overruled. Count V clearly states that the fraudulent acts occurred during the negotiations of the maintenance and installation agreements on or about March 15, 1987. This is sufficient. If more details are necessary, Phoenix may obtain them through the discovery process.

As to ground (2), the assignment of this cause of action is proper in light of § 8.01-26 which allows assignment of actions for damage to personal property. The action here is to recover for damages caused to Hospital's Picker Scanner by reason of the alleged fraud.

As to ground (3), representations outside the contract may be the basis for an action in fraud. As stated by the Court in *Robberect v. Maitland Bros.*, 220 Va. 109, 112 (1979):

> Fraud in the inducement of a contract is also ground for an action for damages in a court of law . . . "When fraud in the procurement of the written contract is pleaded, parol evidence tending to prove the fraud is admissible" . . . and the fact that such a pleading shows that a party intends to rely upon such evidence "would not render the [pleading] demurrable" . . . (citations omitted)

The demurrer to Count V is overruled.

For the reasons set forth above, Mr. Silver will please draw an Order reflecting the Court's ruling herein and submit it to Mr. Skoro for endorsement and presentment to the Court for entry, preserving all objections and granting leave to amend Count III only, if Hospital be so advised, within twenty-one days of the entry of the Order.