# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Anthony A. Jenkins

v.

Heilig-Meyers Co., Inc.

June 15, 1998

Case No. CL97-78

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on the Demurrer of the Defendant, Heilig-Meyers Company, Inc., to the Plaintiff's, Anthony A. Jenkins' Amended Motion for Judgment. As a consequence of this Court's decision sustaining the Defendant's Demurrer to Plaintiff's original Motion for Judgment, the Plaintiff has filed an Amended Motion for Judgment consisting of six separate counts. Four of the causes of action in the Amended Motion for Judgment seek relief against Heilig-Meyers Co., Inc., for retaliatory discharge; violations of alleged public policy; damages for emotional distress; and punitive damages against the Defendant for willfully exposing the Plaintiff to asbestos at his work place. These alleged causes of action are supported in essence by the following facts and conclusions.

*Summary of Facts and Conclusions*

Jenkins worked for Heilig-Meyers as a furniture salesman from sometime in 1987 until July 8, 1996. (AMJ Para. 4, 5.) Heilig-Meyers engaged B & R Construction to perform certain renovations at Jenkins' work place, (AMJ Para. 2-5.) and directed Jenkins to continue working in an area of the work place knowing that B & R's work was introducing asbestos dust into the air

and that Jenkins would breathe the asbestos-contaminated air "thereby suffering a harmful and offensive contact from which a serious bodily harm is likely to result and from which [Jenkins] was, is, and will continue to be certain to suffer apprehension of serious injury." (AMJ Para. 12-13.)

Jenkins, "under protest," worked in the area of contamination from the beginning of the renovation in May 1996 until July 1, 1996, and, in doing so, "inhale[d] a significant level of asbestos ... sustaining a physical injury by the invasion of the body by asbestos ... which set in motion forces that are likely to eventually result in serious disease" (AMJ Para. 14), although it may take "up to twenty years" to learn if the exposure "will result in an asbestos-related disease." (AMJ Para. 24.)

*Argument*

I. *Does Count One of the Amended Motion for Judgment state a cause of action under § 40.1-51.2:2?*

Va. Code, § 40.1-51.2:2 (1950, as amended) establishes a private right of action for any employee who feels that he or she has been discriminated against for exercising their rights. The Plaintiff claims that he "timely submitted a claim of discrimination to the Commission of the Virginia Department of Industry and Labor." (AMJ Para. 29.) A Motion for Judgment must state facts, not legal conclusions.

A Demurrer admits that all material facts which are well pleaded are true, but the Demurrer does not admit the correctness of conclusions of law stated by the Plaintiff. *Koch v. Realty Corp.*, 205 Va. 65, 71 (1964). Since the Plaintiff has alleged no jurisdictional facts to invoke the statutory relief prayed for in Count I of the Amended Motion for Judgment, the Court, therefore, sustains the Defendant's Demurrer as to that Count.

Furthermore, the Plaintiff seeks relief under Count I which is not permitted by Statute. The Statute does not grant relief for "front pay" or "future lost income." Consequently, the Defendant's Demurrer to this request for relief by the Plaintiff is sustained.

II. *Can the relief granted by § 40.1-51.2:2 be extended to establish a basis for a "public policy" wrongful discharge claim?*

In Virginia, with few exceptions, the law permits an "at will" employee to be terminated by his employer for any reason, unless the termination is in violation of a stated public policy. *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). If the termination is in violation of stated public policy, the

law does not permit the aggrieved employee to pursue a common law remedy when a statutory remedy is clearly enunciated. The statutory relief is therefore the exclusive remedy for the violation. To allow a broader remedy than the statute specifically provides would require a court to abandon the principle of "strict construction" and destroy the legislative scheme as contemplated and created by the General Assembly.

Wherefore, this Court holds that the remedy promulgated by § 40.1-51.2:2, Va. Code (1950, as amended) is the exclusive remedy under Virginia law. Therefore, the Defendant's Demurrer to Count II of Plaintiff's Amended Motion for Judgment is sustained.

**III.** *Is the Virginia Workers' Compensation Act the exclusive remedy for the claims asserted by plaintiff in Count IV of the Amended Motion for Judgment?*

Count IV of the Plaintiff's Amended Motion for Judgment seeks relief for the Plaintiff's "asbestos related diseases." Such diseases are clearly occupational related and compensable under §§ 65.2-400 and 65.2-401, Va. Code (1950, as amended). The Act further provides for continuing disability benefits under § 65.2-503, Va. Code (1950, as amended). In addition, the Act in § 65.2-406 establishes limitations for the filing of asbestos related claims. The Statute specifically states that these claims may be filed within two years after the diagnosis of the disease is communicated to the employee. Plaintiff's claim, therefore, has in no way been compromised by the Virginia Workers' Compensation Act.

Apparently the Plaintiff would have this Court draw a distinction between "fear" over dormant asbestos disease from the feared disease itself. The Plaintiff can make a claim for emotional distress under the Virginia Workers' Compensation Act. However, the emotional distress must result from an actual physical injury, which manifests itself in physical injury or constitutes "severe emotional distress." The Plaintiff's entire claim arises out of acts of omission or commission which occurred during the course of his employment. Therefore, his claim for severe emotional distress must lie exclusively within the statutory remedies of the Virginia Workers' Compensation Act. It should be noted that the Plaintiff, in fact, filed a claim under the Workers' Compensation Act. However, he was unable to point to any specific incidents resulting in his alleged symptoms. (Opinion of the Industrial Commission at p. 5.) The Plaintiff did not establish therefore that he "experienced and exhibited certain immediate physical symptoms."

The Plaintiff has failed to establish any distinction between reasonable apprehension and severe emotional distress. The bare assertion of the term

severe emotional distress does not establish a factual basis for such a conclusion. No facts are pleaded in Count IV of the Amended Motion for Judgment to support this conclusion. Therefore, the Defendant's Demurrer as to Count IV is sustained.

## IV. *Should punitive damages be recoverable in this cause?*

The Plaintiff asserts in Count V of the Amended Motion for Judgment that he is entitled to punitive damages. This claim for punitive damages must arise as a consequence of an alleged breach of contract. The Plaintiff, however, has failed to plead any facts which support a conclusion that the Defendant, Heilig-Meyers participated by omission or commission in any independent willful act. Wherefore, the Defendant's Demurrer as to Count V of the Amended Motion for Judgment is sustained.

It is therefore adjudged, ordered, and decreed that the Defendant's Demurrers to Counts I, II, IV, and V of the Plaintiff's Amended Motion for Judgment are hereby sustained. It should be noted that Counts III and VI of the Amended Motion for Judgment do not pertain to the Defendant, Heilig-Meyers Co., Inc.

The Plaintiff is hereby granted leave to amend Count I of the Motion for Judgment to conform with this opinion. Should the Plaintiff elect to amend Count I, the second Amended Motion for Judgment shall be filed with this Court not later than July 1, 1998.