# CIRCUIT COURT OF FAIRFAX COUNTY

Elizabeth Richelieu et al.

v.

Victoria Kirby et al.

March 5, 1999

Case No. (Chancery) 157001

BY JUDGE R. TERRENCE NEY

Complainants Elizabeth Richelieu and Marianne Merritt are former members and directors of the Humane Society of Fairfax County. Respondents Victoria Kirby, Victoria Paylor, and Mary Kendall are officers and board members of the Humane Society. Victoria Paylor is also an employee of the Humane Society. Respondent Sandee Strobel is a board member of the Humane Society. Respondent Sharon Hottle is a board member of the Humane Society and also an employee.

Complainants allege that the respondents conspired to defraud the Humane Society and its members through the purchase of Chestnut Crossing Farm, Inc., which is owned by respondent Heather Kirby-Viar, who is also a member of the Humane Society and the daughter of respondent Victoria Kirby. Complainants further allege that defendants engaged in a pattern of willful misconduct, breach of fiduciary duties, and violations of several sections of the Virginia Code.

This matter comes on the demurrers of the respondents to the Amended Bill of Complaint, on the issue of whether members of a nonstock corporation may bring a derivative action on behalf of the nonstock corporation; further, if so, whether the present action would be multifarious because the former members may not assert individual claims as well as derivative claims in the

same action; and, further, whether the action may be maintained absent an allegation of a demand.

### I. *Right to Maintain Derivative Action on Behalf of Nonstock Corporation*

The right to bring a derivative suit is an equitable remedy existing at common law. *See Hawes v. Oakland,* 104 U.S. 450 (1881); *Mount v. Radford Trust Co.,* 93 Va. 427, 25 S.E. 244 (1896). Members or directors of nonprofit corporations may have standing to bring derivative proceedings. *See* 1 W. Fletcher, *Cyclopedia of the Law of Private Corporations,* § 5972.60 (rev. Perm. Ed. 1983). Statutory enactments in Virginia and other states with regard to both stock and nonstock corporations have placed limitations upon the rights to bring derivative actions, as opposed to creating the specific rights themselves. For example, § 13.1-672.1 of the Virginia Code — Derivative Proceedings for Stock Corporations — contains no language granting a right to bring a derivative action but instead places specific limitations on the right to do so.

Similarly, there is no express grant of the right to bring a derivative action under the Virginia Nonstock Corporation Act (Virginia Code § 13.1-801 *et seq.*), but there is a specific limitation, § 13.1-828, which provides that a corporation's power to act "may be challenged ... derivatively." The respondents contend that this amounts to a limitation on the right of members of nonstock corporations to bring derivative actions that would otherwise be available at common law. I disagree.

The heading of § 13.1-828 is "Ultra Vires" and not "Derivative Proceedings," as Article 8.1 is titled in the Virginia Stock Corporations Act (§ 13.1-601 *et seq.*). Section 13.1-672.1 places particular limitations on the right to bring derivative proceedings. Conversely, § 13.1-828 — "ultra vires" — is concerned solely with the method of challenging a nonstock corporation's *power* to act.

Similarly, the limitation on *liability* of officers and directors set forth in § 13.1-870.1 specifically refers to "any proceeding brought ... in the right of a corporation ... ." There is no limitation on the *right* to bring a derivative suit against such officers and directors by members of the nonstock corporations but only on the *remedy,* namely the amount of damages recoverable.

Respondents further contend that the Attorney General of the Commonwealth of Virginia is the only person with standing to sue in the event of a breach of a fiduciary duty by a nonprofit corporation or its officers or

directors. There is, however, no Virginia authority, statutory or otherwise, that makes a suit brought by the Attorney General the exclusive remedy in the event of such a breach of fiduciary duty. There is no question that the Attorney General has common law authority to act on behalf of the public in matters involving charitable assets. *Tauber v. Commonwealth*, 255 Va. 445 (1998), citing with approval *Clark v. Oliver*, 91 Va. 421 (1895). Although the Attorney General may be empowered or authorized to act, a suit filed by the Attorney General is not the exclusive vehicle for relief for aggrieved members absent precedent or a statutory provision to the contrary.

In summary, I find that the language included in the Virginia Nonstock Corporation Act, specifically Virginia Code §§ 13.1-828 and 13.1-870.1 makes it clear that in at least two circumstances, allegations that a corporation has acted *ultra vires* or allegations of willful misconduct on the part of officers and directors, a derivative action may be maintained on behalf of a Virginia nonstock cororation, including a § 501(c) organization.

## II. *Multifariousness*

Despite the fact that I previously ruled that the Amended Bill of Complaint was not multifarious, I have revisited the issue in light of the holding in *Brown v. Bedford City Land & Imp. Co.*, 91 Va. 31, 20 S.E. 968 (1895). In *Brown*, the Supreme Court of Appeals of Virginia dismissed an action on grounds of multifariousness. The bill in equity filed in *Brown* included claims on behalf of individual stockholders, as well as claims asserted on behalf of the corporation. That aspect of the pleading, however, was not the reason for the ruling of the Supreme Court of Appeals with regard to multifariousness. Rather, the court held that the interests of creditors of the company, who were also joined in the suit, were adverse not only to the interests of individual stockholders suing in their own name, but also to the interests of the company. The Court found that these were wholly antagonistic goals, which could not be maintained in a single suit.

Here, allegations that the officers and members acted improperly to the detriment of the Humane Society, as well as to the detriment of the individual complainants, stem from complainants' concerns regarding an allegedly improper real estate transaction that would have been deleterious to the Humane Society. The concerns expressed by the complainants about that proposed transaction gave rise to, and fueled, the additional complaints asserted in this case, namely, the impropriety of any relationship with respondents, Victoria Kirby-Viar and Chestnut Crossing Farm. Complainants'

concerns also gave rise to further complaints about the deterioration of complainants' relationship with the Humane Society and procedural irregularities connected with those deteriorations. While those procedural matters may be of less concern to the Humane Society as a whole, and not necessarily the proper subject of a derivative action, these matters really are ancillary to complainants' primary claim concerning the allegedly improper purchase, which, if proved, would be of benefit to the interests of the Humane Society. For these reasons, as well as the reasons expressed at the March 2, 1999, hearing, the demurrers as to multifariousness of the Amended Bill of Complaint are overruled. *See also Saunders v. Bank of Mecklenburg*, 113 Va. 656, 75 S.E. 94 (1912); *Barcus v. Gates*, 89 F. 783 (4th Cir. 1898).

## III. *Demand*

The Humane Society also demurs and files its plea in bar to the Amended Bill of Complaint on the basis that the complainants may not maintain their derivative action against the Humane Society because complainants failed to plead that demand was made on the Humane Society to institute proceedings in its own right against the officers and directors for the alleged mismanagement and misdeeds prior to the derivative claim being filed.

In Virginia, it is well settled that a stockholder in a corporation has no right to bring a suit in equity in his own name, or for the benefit of himself and other stockholders, upon a cause of action existing in the corporation, except where the corporation itself actually or virtually refuses to institute or prosecute the suit. *See, e.g., Mount v. Radford Trust Co.*, 93 Va. 427, 25 S.E. 244 (1896); *Virginia Pass. and P. Co. v. Fisher*, 104 Va. 121, 51 S.E. 198 (1905); *Koch v. Realty Corp.*, 205 Va. 65, 135 S.E.2d 131 (1964). Demand must be made upon the directors of a corporation before a stockholder's derivative suit may be maintained. *Reilly Mortgage Group, Inc. v. Mount Vernon Sav. and Loan Ass'n*, 568 F. Supp. 1067, 1076 (E.D. Va. 1983). In order for a shareholder to bring suit on behalf of the corporation, he must allege and prove that a request or a demand has been made to the board of directors or other body managing the corporation and that they have refused to institute proceedings after such reasonable request for demand. *Mount*, 93 Va. at 430, 25 S.E. at 245. Alternatively, the shareholder must allege that such a state of facts exists as will show that the defendants whom he charges with wrongdoing are a majority of the board of directors or managing body at the time of the suit or that they, or a majority of them, are under the control of the defendant wrongdoers so that the court may infer that they would refuse to

bring such suit. *Abella v. Universal Leaf Tobacco Co., Inc.*, 495 F. Supp. 713, 717 (E.D. Va. 1980).

Here, the Amended Bill of Complaint contains no allegation that a demand was made upon the respondents to bring an action on behalf of the Humane Society. Further, there is no allegation that given a demand, the Humane Society would have refused to bring such a suit.

The absence of these allegations is fatal to the Amended Bill of Complaint insofar as the claims against the Humane Society are concerned. As a result, the demurrer of the Humane Society is sustained, and the plea in bar of the Humane Society is granted. With respect to the derivative claims asserted against respondents, Sharon Hottle, Victoria Kirby, Victoria Paylor, Mary Kendall, and Sandra Strobel, these claims also are dismissed by reason of the Court's ruling that a derivative claim may not be maintained absent a demand or an allegation that a demand would have been futile.