# CIRCUIT COURT OF THE CITY OF NORFOLK

Sandra E. Glasson

v.

Children's Surgical
Specialty Group, Inc., et al.

August 1, 2007

Case No. (Civil) CL07-2005

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed a complaint arising out of the termination of her employment contract with the Children's Surgical Specialty Group ("CSSG"). She sues CSSG for breach of contract, but, as contract damages no longer appear to be a satisfactory remedy for any plaintiff, she also adds claims for tortious interference with contract against Children's Hospital of the King's Daughters, Inc. ("CHKD") and the Children's Health System, Inc. ("CHS"), and conversion against CHKD. CHKD and CSSG are brother-sister corporations and CHS is the parent of both.

CHKD filed a demurrer to the claim for conversion, which it has withdrawn. CHS and CHKD have also filed a demurrer to the claim for tortious interference with contract claiming that, given the relationships among the corporations, they cannot as a matter of law tortiously interfere with a contract of CSSG.

Other courts that have decided this issue have held the parent corporation has a qualified privilege against being held liable for tortiously interfering with a subsidiary's contract, but the privilege may be lost if the parent acts contrary to the subsidiary's economic interest or if it employs wrongful means. The principal rationale for the privilege is the usual identity of interests of the corporations. *Waste Conversion Systems, Inc. v. Greenstone Industries, Inc.*, 33 S.W.3d 779 (Tenn. 2000); *Boulevard Associates v. Sovereign Hotels, Inc.*, 72 F.3d 1029 (2d Cir. 1995).

There is much to be said for this approach as it deals with the substance rather than the mere form of business transactions. It would also buttress Virginia's policy of firmly maintaining the distinction between contract and tort. This case is, in essence, a breach of contract claim, not a tort.

CHKD and CHS do not claim a qualified privilege; they claim no liability. The law of Virginia, however, has consistently upheld the separate identities of a corporation and its stockholders. The stockholders have no right (except by derivative action) to sue for injury to the corporation. *Mount v. Radford Trust Co.*, 93 Va. 427, 25 S.E. 244 (1890); *Keepe v. Shell Oil Co.*, 220 Va. 587, 260 S.E.2d 722 (1979). In a case involving parent and subsidiary corporations, the Court held the separate existence of a corporation:

> will be observed by the courts even though one may dominate or control another, or may treat it as a mere department, instrumentality, agency, etc.; and courts will disregard the separate legal identities of the corporation only when one is used to defeat public convenience, justify wrongs, protect fraud or crime of the other.

*Beale v. Kappa Alpha Order*, 192 Va. 382, 399, 64 S.E.2d 789, 798 (1951). Unlike other states, the standards of piercing the corporate veil in Virginia are "very stringent." *C. F. Trust Inc. v. First Flight, L.P.*, 266 Va. 3, 12, 580 S.E.2d 806, 811 (2003).

In *Fox v. Deese*, 234 Va. 412, 362 S.E.2d 699 (1987), the Supreme Court held that a corporation could not conspire with one of its employees acting within the scope of his employment because only one entity existed. As an artificial person, a corporation can only act through its employees, natural persons. There is no such practical necessity that requires a corporation to act through a parent or subsidiary. In *Saliba v. Exxon Corp.*, 865 F. Supp. 306 (W.D. Va. 1994), Judge Turk did rule that a corporation could not conspire with a wholly owned subsidiary, but he dismissed the tortious interference claim on other grounds.

Other than piercing the corporate veil, I am not aware of any circumstance under which the Supreme Court of Virginia has ignored the separate existence of a corporation. The incorporators of the three corporations involved here chose for some reason to create separate entities. They believed there was some advantage in the arrangement. They ought not be allowed to ask the court to ignore what they have created when it suits their convenience.

I overrule the demurrer.